UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Darran Farmer, | Case No. 22-cv-2974 (KMM/DLM) |
| Plaintiff, | |
| v. | **ORDER** |
| FilmTec Corporation, and DuPont De Nemours, Inc., | |
| Defendants. | |

This case is before the Court on Plaintiff Darran Farmer's October 17, 2024 letter to request permission to file a motion to reconsider. ECF No. 63. Mr. Farmer seeks to have this Court reconsider its September 19, 2024 Order granting summary judgment to FilmTec Corporation and DuPont De Nemours, Inc. ("FilmTec"). ECF No. 56. For the reasons that follow, the request is denied.

Local Rule 7.1(j) requires a party seeking reconsideration of an order to obtain permission to file a motion for reconsideration. D. Minn. LR 7.1(j). A party is only granted permission to file such a motion when it has shown "compelling circumstances." *Id*. Motions for reconsideration serve the limited purpose of "correct[ing] manifest errors of law or fact or . . . present[ing] newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988) (quoting *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir. 1987)). "[G]ranting permission to file a motion to reconsider is appropriate when necessary to afford a party 'an opportunity for relief in extraordinary

circumstances.'" *United States v. Mustafa*, No. 14-cr-261(5) (JRT/BRT), 2021 WL 925561, at *1 (D. Minn. Mar. 5, 2021) (quoting *Shukh v. Seagate Tech., LLC*, No. 10-cv-404 (JRT/JJK), 2011 WL 2880726, at *1 (D. Minn. July 18, 2011)).

Counsel's letter does not explicitly address the standard for obtaining permission to file a motion for reconsideration. The Court has closely reviewed Counsel's letter, including the portions of the record to which it cites, and concludes that it identifies no manifest errors of law or fact justifying granting permission to file a motion for reconsideration. Furthermore, Counsel does not point to any newly discovered evidence. Counsel simply identifies disagreements with the Court's evaluation of the summary judgment record, which the Court finds are not compelling circumstances justifying a motion for reconsideration. Then, as now, Counsel provided no citation to authority showing that the Court's analysis constituted legal error. *Niazi Licensing Corp. v. Bos. Sci. Corp.*, No. 17-CV-5094 (WMW/BRT), 2019 WL 6827588, at *1 (D. Minn. Dec. 13, 2019) ("A motion for reconsideration cannot be employed to repeat arguments previously made[.]"). Overall, the Court finds that Counsel's letter seeks to reargue matters the Court has already considered and presents primarily a disagreement with the Court's ruling.

## ORDER

The Court has carefully considered the evidence cited and argument presented in Counsel's letter, just as it did when it issued its summary judgment decision, and finds that this is not an extraordinary circumstance in which granting permission to file a motion for

reconsideration is appropriate. Accordingly, Counsel's letter request, ECF No. 63, is **DENIED**.

Date: November 19, 2024          *s/Katherine Menendez*
                                                Katherine Menendez
                                                United States District Judge